FILED

APR 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL LOUIS BEATTIE, | No. 15-55034 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-01448-H-JMA |
| v. | |
| J. ROMERO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Michael Louis Beattie, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First and

Eighth Amendment claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's grant of summary judgment for failure to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

exhaust administrative remedies. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because, even accepting Beattie's contention that he delivered the required form to a prison officer on January 15, 2014 to be mailed, Beattie failed to exhaust his administrative remedies, and he did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90-91 (2006) (holding that "proper exhaustion" is mandatory and "demands compliance with an agency's deadlines and other critical procedural rules"); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24, 826-27 (9th Cir. 2010) (describing limited circumstances where exhaustion might be excused).

Beattie's requests, set forth in his opening and reply briefs, are denied.

**AFFIRMED.**